IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **PARKER LIVESTOCK, LLC,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-13-518-R |
| ) | |
| **OKLAHOMA CITY NATIONAL** ) | |
| **STOCK YARDS COMPANY, et al.,** ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff Parker Livestock, LLC ("Parker Livestock" or "Plaintiff") moves this Court for Partial Summary Judgment ("Motion") on the issue of whether Defendants violated section 312 of the Packers and Stockyard Act, 7 U.S.C. § 213 (the "PSA"). Doc. No. 118.[1] Defendants oppose the motion. Doc. No. 126. For the reasons that follow, the Court DENIES the Motion.

**I. BACKGROUND**

The following is a condensed version of the factual and procedural background. Defendant Oklahoma City National Stock Yards Company ("ONSY") is a stockyard owner and market agency. Plaintiff is a livestock dealer. Both are regulated entities under the jurisdiction of the Grain Inspection Packers and Stockyard Administration ("GIPSA"), an agency of the United States Department of Agriculture ("USDA"). http://www.gipsa.usda.gov/about/About.aspx. GIPSA "facilitates the marketing of

---

[1] Although Plaintiff filed its Motion under seal, the Court does not believe the information contained in this Order includes any confidential information necessitating that it be filed under seal.

livestock, poultry, meat, cereals, oilseeds, and related agricultural products, and promotes fair and competitive trading practices for the overall benefit of consumers and American agriculture." *Id.* As an agency of the USDA, GIPSA falls under the purview of the Secretary of Agriculture.

The root of this dispute lies with the banishment of Parker Livestock's cattle buyer, John Parker,[2] from participating in ONSY's auctions. On May 21, 2013, Plaintiff filed this suit alleging, *inter alia*, that the ban violated the PSA. Plaintiff had filed similar complaints against Defendants with the Secretary of Agriculture, prompting an investigation. Given the ongoing investigation and under the doctrine of primary jurisdiction, on September 4, 2013, the undersigned stayed the case pending a decision from the Secretary of Agriculture regarding the alleged violations. Defendants argued in favor of referral to the Secretary, while Plaintiff opposed referral. By early 2015, however, the Secretary had not issued a formal decision. Therefore, upon Plaintiff's motion, the Court lifted the stay on February 20, 2015, and this litigation proceeded. Plaintiff now moves for partial summary judgment on whether the ban violated the PSA.[3]

## II. EVIDENTIARY ISSUES

### A. Defendants' Evidentiary Challenges

Defendants request that Plaintiff's Fact Nos. 1-5, 9, 15, and 30 be stricken because they have no citation to the record. The Court declines to do so.

---

[2] The parties dispute whether Mr. Parker was Plaintiff's sole cattle buyer. This issue, however, is not material to disposition of Plaintiff's Motion.

[3] While Plaintiff's complaint claims Defendants violated the PSA on additional grounds, Defendants note, and Plaintiff does not deny, that Plaintiff's Motion is limited to the propriety of the ban.

**Fact Nos. 1, 2, and 3.** Defendants do not dispute these facts. Doc. No. 126, at 3-4. Nevertheless, Defendants move to strike these undisputed facts because Plaintiff did not support the facts with record citations. Doc. No. 5. Because Defendants have conceded these facts, the Court denies Defendants' request to strike these facts.

**Fact Nos. 4, 9, and 15.** While Defendants do not dispute these facts, they provide "additional clarification supported by the record." The Court declines to strike these facts and considers them in light of Defendants' clarification, as appropriate.[4]

**Fact Numbers 5 and 30.** Defendants move to strike Fact Nos. 5 and 30, which they identify as material facts in dispute. Fact Number 5 states that "[n]one of the Defendants availed themselves of any administrative procedure afforded them by the Packers and Stockyards Act to address any issue related to their alleged complaints regarding Parker Livestock's cattle buyer or any other issue related to the dispute which gave rise to this lawsuit." The Court declines to strike this fact, but considers it disputed. Fact Number 30 states that "[u]nder the foregoing undisputed facts, Defendants can no longer support the position that they did not violate the Packers and Stockyards Act." This is a legal conclusion and the Court treats it as such.

B.  **Plaintiff's Evidentiary Challenges**

Plaintiff objects to Defendants' Exhibits 4-6, 8, and 9 on various grounds. Because, as discussed below, the Court did not consider or rely on these exhibits when

---

[4] As discussed below, the Court did not consider Defendants' Exhibits 4-6, 8, or 9. Thus, to the extent a clarification relies solely on one of these exhibits, the Court will not consider it.

determining whether summary judgment was appropriate, the Court does not address Plaintiff's objections.

Quoting the Eastern District of Oklahoma's Local Rule 56.1, Plaintiff also requests that Facts Nos. 20-28 be deemed admitted because Defendants did not adequately rebut them. Doc. No. 129, at 3-4. As this Court is in the Western District of Oklahoma, the Eastern District's Local Rules do not govern this matter. Moreover, while this District's Local Rules provide that material facts that are not properly controverted may be deemed admitted, the Court finds that the Rule does not apply to Facts Nos. 20-28, because they are not material to Plaintiff's Motion.

## III. ANALYSIS

Plaintiff seeks partial summary judgment that Defendants violated the PSA. At trial, Plaintiff would bear the burden to prove such a violation. *See Farrow v. U.S. Dep't of Agr.*, 760 F.2d 211, 215 (8th Cir. 1985); *Bosma v. U.S. Dep't of Agric.*, 754 F.2d 804, 808 (9th Cir. 1984) (citing *Central Coast Meats, Inc. v. U.S. Dep't of Agr.*, 541 F.2d 1325, 1327 (9th Cir. 1976)); *see also Been v. O.K. Indus., Inc.*, 495 F.3d 1217, 1230 (10th Cir. 2007) (involving analogous provision of statute applying to live poultry dealers). Where the moving party bears the burden of proof at trial:

> a more stringent summary judgment standard applies. Thus, if the moving party bears the burden of proof, to obtain summary judgment, it cannot force the nonmoving party to come forward with "specific facts showing there [is] a genuine issue for trial" merely by pointing to parts of the record that it believes illustrate the absence of a genuine issue of material fact. *Mudrick v. Cross Services, Inc.,* 200 Fed. Appx. 338, 340 (5th Cir.2006) (citing *Celotex v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

4

> Instead, the moving party must establish, as a matter of law, all essential elements of the issue before the nonmoving party can be obligated to bring forward any specific facts alleged to rebut the movant's case. *Id.*

*Pelt v. Utah*, 539 F.3d 1271, 1280 (10th Cir. 2008).

Plaintiff argues three bases to find the ban violated the PSA: 1) the Secretary found that the Defendants violated the PSA; 2) Defendants forfeited or waived the right to deny they violated the PSA; and 3) judicial estoppel precludes Defendants from denying they violated the PSA. As discussed below, Plaintiff's arguments fail to show summary judgment on this issue is warranted.

### A. Whether the Secretary Found that Defendants Violated the PSA

Plaintiff first argues that summary judgment on this issue is appropriate because the Secretary "conclude[ed] reinstatement was necessary," which was a "*de facto* finding of a violation of § 213." Doc. No. 118, at 9-10. In support, Plaintiff appears to rely on a letter from ONSY president Rob Fisher to GIPSA deputy administrator Susan Keith and a signed statement from Ms. Keith dated February 19, 2015.

This evidence is insufficient to show that the Secretary "concluded that reinstatement was necessary," or otherwise made a "*de facto* finding of a violation of § 213." In the signed statement, Ms. Keith states she called Mr. Fisher "to convince" him to allow John Parker to return to the market, and Mr. Fisher agreed. Ms. Keith does not state that reinstatement was "necessary," or that the ban violated the PSA. Mr. Fisher wrote to Ms. Keith to notify her that ONSY agreed to allow Mr. Parker back to the

5

auction, although "under protest."[5] Ms. Keith provided a sworn declaration, also submitted by Plaintiff, that "there was no Notice of Violation issued by GIPSA to ONSY; the matter was not referred to the Office of General Counsel for an adjudicatory proceeding; there has been no hearing in this matter under section 312(b) of the Act; and there has been no finding of the Secretary regarding the actions of ONSY."[6]

Drawing all reasonable inferences in favor of Defendants, the non-movants, Plaintiff's evidence is insufficient meet its initial burden to show that the Secretary found that the ban violated the PSA. As such, the Court does not consider Defendants' evidence in opposition to summary judgment or Plaintiff's arguments regarding the admissibility of such evidence. *See Neal v. Lewis*, 414 F.3d 1244, 1248 (10th Cir. 2005) ("If the evidence produced in support of the summary judgment motion does not meet this burden, 'summary judgment must be denied *even if no opposing evidentiary matter is presented.*'") (*quoting Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002)); *Reed*, 312 F.3d at 1194 ("Before the burden shifts to the nonmoving party to demonstrate a genuine issue, the moving party must meet its initial responsibility of demonstrating that no genuine issue of material fact exists and that it is entitled to summary judgment as a matter of law."); *see also Breen v. Pruter*, No. 14-CV-00081-F, 2015 WL 6163439, at *2 (D. Wyo. Aug. 6, 2015) ("If the movant fails to meet its initial burden, the burden never

---

[5] Although the letter from ONSY president Rob Fisher states that Ms. Keith "directed" ONSY to reinstate Mr. Parker, the Court cannot find as a matter of law that Ms. Keith mandated that ONSY reinstate Mr. Parker, particularly in light of Ms. Keith's own account that she called Mr. Fisher "to convince" him to reinstate Mr. Parker.

[6] Doc. No. 118-6, at 4. While neither party cites to Ms. Keith's declaration for this issue, the Court may consider all evidence that is part of the record on summary judgment. *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (a court may take judicial notice "whether requested or not . . . of its own records and files").

shifts to the non-movant, and the motion fails."); *Roller v. Majors*, No. 05-CV-0686-CVE-FHM, 2007 WL 128225, at *1 (N.D. Okla. Jan. 11, 2007) (denying unopposed motion summary judgment for failure to meet initial burden).

> **B.     Whether Defendants Forfeited or Waived the Argument that They Did Not Violate the PSA**

Plaintiff next argues that by agreeing to GIPSA's request to lift the ban without initiating a formal challenge or protest, Defendants forfeited or waived their right to deny the ban violated the PSA. Plaintiff cites no authority, nor could this Court find any, that supports this proposition, particularly in light of the fact that GIPSA held no proceeding or hearing before asking Defendants to lift the ban. Instead, Plaintiff's authority primarily consists of criminal cases that involve the failure to object during a court proceeding that: an unsworn jury rendered a verdict (*United States v. Turrietta*, 696 F.3d 972 (10th Cir. 2012)); the court permitted the jury to hear hearsay evidence (*United States v. McGee*, 612 F.3d 627 (7th Cir. 2010)); or the evidence was insufficient (*United States v. Goode,* 483 F.3d 676 (10th Cir. 2007)). Plaintiff's reliance on in *Indian Territory Operating Co. v. Bridger Petroleum Corp.*, 500 F. Supp. 449, 450-52 (W.D. Okla. 1980), is likewise inapposite. There, the court applied the waiver doctrine to the unremarkable proposition that that a party could not claim a lease had expired under its terms while making demands under the lease after the purported expiration. *Id.* No such situation exists here.

Accordingly, the Court declines to find that Defendants waived or forfeited their right to deny the ban violated the PSA.

### C. Whether Defendants Are Judicially Estopped from Denying the Ban Violated the PSA

Plaintiff next argues that judicial estoppel precludes Defendants from denying the ban violated the PSA. "[J]udicial estoppel is an equitable doctrine invoked by a court at its discretion" *Queen v. TA Operating, LLC,* 734 F.3d 1081, 1087 (10th Cir. 2013). Its purpose "'is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment. . . [and] to prevent improper use of judicial machinery.'" *Id.* (*quoting New Hampshire v. Maine,* 532 U.S. 742, 749–50 (2001)). Because judicial estoppel leads to "harsh results," courts in the Tenth Circuit apply the doctrine narrowly and cautiously. *BancInsure, Inc. v. F.D.I.C.*, 796 F.3d 1226, 1240 (10th Cir. 2015); *Hansen v. Harper Excavating, Inc.,* 641 F.3d 1216, 1227 (10th Cir.2011); *Bradford v. Wiggins,* 516 F.3d 1189, 1194 (10th Cir. 2008). The doctrine applies when the purportedly inconsistent position is one of fact, not law. *BancInsure*, 796 F.3d at 1240; *United States v. Villagrana-Flores*, 467 F.3d 1269, 1278-79 (10th Cir. 2006); *Johnson v. Lindon City Corp.,* 405 F.3d 1065, 1069 (10th Cir. 2005). Courts must use a "strict eye" to determine whether the doctrine applies. *Vehicle Mkt. Research, Inc. v. Mitchell Int'l, Inc.*, 767 F.3d 987, 993 (10th Cir. 2014).

The Tenth Circuit applies the following "crucial" factors to determine whether the doctrine applies:

> First, a party's later position must be clearly inconsistent with its earlier position. Moreover, the position to be estopped must generally be one of fact rather than of law or legal theory. Second, whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later

> proceeding would create the perception that either the first or the second court was misled. . . Third, whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

*Villagrana-Flores*, 467 F.3d at 1278-79 (quoting *Johnson,* 405 F.3d at 1069).

Plaintiff's judicial estoppel argument fails at the outset because it fails to identify any "clearly inconsistent" position by Defendants. In order for judicial estoppel to preclude Defendants from *denying* the ban violated the PSA, Plaintiff must first show that Defendants previously *conceded* the ban violated the PSA. *See Vehicle Mkt. Research*, 767 F.3d at 998 (party asserting judicial estoppel bears the burden to show the doctrine applies). Plaintiff identifies two purportedly inconsistent positions, neither of which call for the application of judicial estoppel.

First, Plaintiff contends Defendants' earlier position on the doctrine of primary jurisdiction warrants the application of judicial estoppel. Defendants argued that the issue of a PSA violation was within the primary jurisdiction of the Secretary and that the Court should defer to the Secretary's expertise. According to Plaintiff, by requesting that Mr. Parker be reinstated, the Secretary decided that the ban violated the PSA, and by agreeing to reinstatement, Defendants are bound by that decision and estopped from arguing otherwise. Second, Plaintiff argues that Defendants are precluded from denying the ban violated the PSA because it would contradict the express agreement with the Secretary allowing Mr. Parker to return to the auction.

Both arguments are misguided. As a threshold issue, the Defendants' position on the Secretary's authority is one of law, not fact, and is not appropriate for judicial

9

estoppel. *See BancInsure, Inc.*, 796 F.3d at 1240; *Villagrana-Flores*, 467 F.3d at 1278-79; *Johnson,* 405 F.3d at 1069. In any event, as discussed above, the Secretary did not issue any decision indicating whether the ban violated the Act. Thus, Defendants' agreement to lift the ban, without more, is not a concession of wrongdoing nor "clearly inconsistent" with a position that the ban did not violate the PSA in the first instance.

Because Plaintiff fails to identify any prior inconsistent position, the *sine qua non* of judicial estoppel, the Court does not evaluate Plaintiff's remaining arguments under the second and third judicial estoppel factors or Plaintiff's argument that Defendants' unclean hands compel the application of judicially estoppel. *See Vehicle Mkt. Research, Inc.*, 767 F.3d at 989 ("in this circuit, judicial estoppel only applies 'when a party takes a position clearly inconsistent with an earlier-taken position.'") (quoting *Hansen*, 641 F.3d at 1227).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Partial Summary Judgment (Doc. No. 118) is DENIED.

IT IS SO ORDERED, this 17th day of December, 2015.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE